UNITED STATES v. KING et al.

(Circuit Court of Appeals, Ninth Circuit. October 4, 1897.)

No. 361.

1. PATENTS TO MINERAL LANDS—SUIT TO CANCEL—SURVEYOR GENERAL'S CERTIFICATE.
    In a suit by the government to cancel a patent to a mining claim on the ground of false and fraudulent representations, it appeared that R. and D., certain third parties, had made a joint affidavit, alleged to be fraudulent, which was filed June 24, 1880, showing that the value of labor and improvements exceeded $500. The requisite certificate of the surveyor general, filed June 29, 1880, certified to the same fact, "as appears by the testimony of two disinterested witnesses." Held, that there was nothing to show that these "two witnesses" were R. and D.

2. SAME—SUFFICIENCY OF LABOR AND IMPROVEMENTS.
    The sufficiency of the character and value of labor and improvements made upon the premises by an applicant for a mineral patent, under Rev. St. § 2325, is to be determined by the surveyor general from his own observations or those of his deputy, or from the testimony of persons having knowledge of the subject.

3. SAME—PRESUMPTIONS.
    Where a surveyor general has certified in due form to the value of labor and improvements upon a mineral claim, under Rev. St. § 2325, the presumption is that he did his duty as an officer.

4. SAME—BURDEN AND CHARACTER OF PROOF.
    In a suit by the government to cancel a patent to a mining claim on the ground of fraud, the presumption that it was correctly issued can be overcome only by clear and convincing proof of the false representations whereby it was secured.

Appeal from the Circuit Court of the United States for the District of Montana.

Preston H. Leslie, U. S. Atty. (Elbert D. Weed, of counsel), for the United States.

Toole & Wallace and Wm. Scanlon, for appellees.

Before ROSS and MORROW, Circuit Judges, and HAWLEY, District Judge.

MORROW, Circuit Judge. This is a suit in equity, brought by the United States to cancel a patent to a mining claim. The amended

bill was filed in the name of the United States, by the attorney general, in the circuit court for the district of Montana, on April 30, 1892. It is stated that the original bill was filed August 28, 1886, against Silas F. King and John Ducie, and that the other defendants were made parties by the amended bill; but, as the original bill is not in the record, this fact cannot be determined. It is charged in the amended bill that a patent for a lode mining claim issued to Silas F. King and John Ducie on January 31, 1883, had been obtained by means of false and fraudulent representations, and prayed for its cancellation. The claim is situated in Summit Valley mining district, Mont., and is known as the "Hesperus Lode Claim." It is alleged in the amended bill that the other defendants have an interest in the claim, and it is charged that two of them—Murray and Hickey—participated in the fraud, and that the others are not bona fide purchasers. The defendants answered under oath, denying all the allegations of fraud. The circuit court, on final hearing, dismissed the bill, and the United States appealed to this court. The bill alleges that the claim was located by the defendants Silas F. King and John Ducie, February 10, 1880, that they applied for a patent May 8, 1880, and that a patent was issued to them January 31, 1883. The fraud charged in the bill is, in substance, that King and Ducie, without ever having discovered any vein or mine of rock in place, or otherwise, bearing gold, silver, copper, lead, or cinnabar, or other precious or valuable minerals constituting any mine of any kind, and without having performed the amount of work required by law, or without having made the amount of improvements required to develop said claim, and having failed to perform work or labor amounting to the sum of $500, conspired to defeat and defraud the government of the United States by corruptly procuring persons to swear under oath to a false statement that the improvements and labor placed upon the Hesperus lode by King and Ducie, or their grantees, equaled the sum of $500; that King and Ducie, conspiring and intending corruptly to circumvent the United States, and to procure from the officers thereof a patent for the Hesperus claim, filed this sworn evidence in the United States land office at Helena, Mont.; that the register and receiver, relying upon the sworn statements and evidence produced by King and Ducie, and believing the same to be true, as therein stated, issued their certificate of final entry; that King and Ducie, having filed in the general land office this certificate of the register and receiver, and the proper officers of the United States believing that King and Ducie had fully complied with the law in every respect for and on behalf of the United States, and believing that they had discovered a mine as claimed in their affidavits and application, and had performed the work required by law, issued to said King and Ducie a patent for the said Hesperus lode mining claim. At the trial, counsel for the United States admitted that the proof was insufficient to sustain the charge that there was no valid discovery of the vein or lode at the time the application was made for the patent. This question was, therefore, eliminated from the case, and the remaining question, as appears

from the assignment of errors, relates to the alleged false and fraudulent representations respecting the value of the work expended and improvements made upon the claim by King and Ducie, or their grantees, within the time mentioned in the statute.

It is required, by section 2325 of the Revised Statutes, that an applicant for a mineral patent must, at the time of the application, or within the 60-days period of publication, file with the register a certificate of the United States surveyor general that $500 worth of labor has been expended or improvements made upon the claim by himself or grantors. The application for a patent for the Hesperus lode claim was filed by King and Ducie in the land office at Helena, Mont., on the 8th day of May, 1880. On June 24, 1880, there was filed in the same office the joint affidavit of John Rankin and John Dillon, in which, under oath, they depose and say that they are well acquainted with the premises described as the Hesperus lode; that the value of the labor and improvements placed thereon by the applicants or their grantors equals the sum of $500, and consists of shaft 8x4x15 feet, $75; shaft 8x6x25 feet, $125; shaft 8x4x10 feet, $50; shaft 8x4x15 feet, $75; house, $250,—total, $575. This affidavit was sworn to before a notary public, June 21, 1880. On June 29, 1880, there was filed with the register the certificate of the surveyor general of Montana that the value of the labor and improvements placed upon the Hesperus lode, claimed by Silas F. King et al., exceeded the sum of $500, and consisted of four shafts, the dimensions and cost of which are given in detail, as stated in the affidavit of John Rankin and John Dillon, and a house frame of the value of $250. Then follows this statement: "As appears by the testimony of two disinterested witnesses;" but the names of witnesses are not given, and no testimony is attached to the certificate. In the argument of counsel the affidavit of Rankin and Dillon, filed with the register of the land office on June 24, 1880, is treated as the testimony referred to by the surveyor general in his certificate filed on June 29, 1880. This may be the fact, but it does not so appear in the record, and it is nowhere established by the evidence. The certificate of the surveyor general conforms to the requirement of the statute, and is evidence of the value of the labor performed and improvements made upon the mine. It is, however, the alleged false testimony of Rankin and Dillon, filed as an affidavit with the register of the land office, that forms the basis of the charge of false and fraudulent representations made by King and Ducie with respect to the value of the labor and improvements placed upon the mine. But there is not a particle of testimony tending to show that King and Ducie, or either of them, procured the affidavit of these two witnesses, or that they knew it was false; but, as such testimony was apparently in the interest of the applicants for the patents, it might be inferred that it was through their instrumentality it was procured. There is, however, opposed to this inference the fact that such testimony, to be of any service to the applicants for a patent, should have been presented to the surveyor general, and, as just stated, this fact does not appear. The surveyor general was required by law to furnish the certificate as to the

character and value of the labor performed and improvements made upon the claim. The sufficiency of such labor and improvements was a matter to be determined by him from his own observations or those of his deputy, or from the testimony of persons having knowledge of the subject. U. S. v. Iron Silver Min. Co., 128 U. S. 673, 685, 9 Sup. Ct. 195. The bill does not charge that this testimony was furnished to the surveyor general, or that it influenced his action in any way. The presumption is that he did his duty as an officer. Moreover, the charge is that the affidavit was filed in the land office, and that the register and receiver, believing the same to be true, issued their certificate of final entry. The answer of the defendants King and Ducie is under oath. They deny all the allegations of the bill charging fraud, and allege specifically that the affidavit in question was procured and filed in the land office by the deputy United States mineral surveyor, who made a survey of the claim for a patent. It is plain that there would be some difficulty in making out a case against the defendants upon the allegations of the bill, but the trial appears to have proceeded upon the broad question whether, at any time prior to the final entry of the claim at the land office on November 23, 1882, $500 worth of labor had been expended or improvements made upon the claim. With respect to this issue, the testimony taken establishes the character of the improvements, but is conflicting as to their value. A number of witnesses testified that the shafts would cost less than $100, and a number of other witnesses testified that they would cost more than $500. The question was left in doubt. The burden of proof was upon the government. It was required to establish the fraud, and connect the defendants with it. The presumption that the patent was correctly issued could only have been overcome by clear and convincing proof of the false and fraudulent representations whereby the patent was secured. Maxwell Land-Grant Case, 121 U. S. 325, 7 Sup. Ct. 1015; Colorado Coal & Iron Co. v. U. S., 123 U. S. 307, 8 Sup. Ct. 131; U. S. v. San Jacinto Tin Co., 125 U. S. 273, 8 Sup. Ct. 850; U. S. v. Iron Silver Min. Co., 128 U. S. 673, 9 Sup. Ct. 195; U. S. v. Hancock, 133 U. S. 193, 10 Sup. Ct. 264; U. S. v. Budd, 144 U. S. 154, 12 Sup. Ct. 575. The trial court having held that the proof was insufficient to establish the fraud as charged against the defendants, we do not feel justified in reversing its judgment. The decree of the circuit court is affirmed.